UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOHN F. MAY,

          Plaintiff,      17-CV-1347Sr

v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

---

## **DECISION AND ORDER**

    As set forth In the Standing Order of the Court regarding Social Security Cases subject to the May 21, 2018 Memorandum of Understanding, the parties have consented to the assignment of this case to the undersigned to conduct all proceedings, including the entry of final judgment, as set forth in 42 U.S.C. § 405(g). Dkt. #7.

## **BACKGROUND**

    Plaintiff applied for disability insurance benefits and supplemental security income ("SSI"), with the Social Security Administration ("SSA"), on December 16, 2013, 2013, alleging disability beginning March 31, 2013, when he was 37 years old. Dkt. #8, pp.24 & 32.

    On May 13, 2015, plaintiff appeared and testified, along with an impartial vocational expert, Paul Delmar, before Administrative Law Judge ("ALJ"), Bryce Barid.

Dkt. #8, pp.38-66.  Plaintiff was advised of his right to representation, but chose to proceed without a representative. Dkt. #8, pp.42-43. The ALJ reviewed the medical evidence in the SSA file with plaintiff and inquired as to all of the medical providers plaintiff had seen, determining that additional records needed to be requested. Dkt. #8, pp.43-47.[1]

Plaintiff testified that he was unable to work because his back and knees hurt if he stands for long periods of time. Dkt. #8, p.53. He is only able to walk a short distance before he has to stop and rest. Dkt. #8, p.53. He suffers from grand mal, petit mal and walking seizures as well as migraine headaches, however, his most recent seizure was more than two years prior to the hearing, and he had been cleared to drive. Dkt. #8, pp.53-54 & 57. Even with medication, plaintiff testified that he suffers from migraine headaches 4-5 times per month. Dkt. #8, p.59. Plaintiff testified that he also suffers from a personality disorder, depression, anxiety, paranoia and claustrophobia. Dkt. #8, p.54.

When asked to assume a hypothetical individual who would be able to sit and stand or walk for up to 6 hours in an 8-hour day and was limited to light exertion, frequent overhead reaching, bilaterally; occasional stooping, kneeling and crouching, no crawling or climbing of ladders, ropes or scaffolds; environments without exposure to excessive vibration, unprotected heights, moving machinery or bright or flashing lights or anything more than loud environments and simple, routine tasks that can be learned

---

[1] The medical records were received by the SSA. Dkt. #8, pp.24 & 263-309.

after a short demonstration or within 30 days, who could not travel to unfamiliar places and could have up to occasional interaction with the public and co-workers, the vocational expert testified that such an individual could perform the jobs of assembler, inspector or bench assembly, each of which were unskilled light exertion positions. Dkt. #7, pp.61-62. When the hypothetical was changed to limit the individual's ability to stand or walk to 2 hours per workday and his capacity for lifting up to 10 pounds occasionally and 5 pounds frequently, the vocational expert testified that the individual could perform the jobs of final assembly, machine tender and inspector, each of which were unskilled sedentary exertion positions. Dkt. #8, pp.63-64. If interaction with the public could not exceed superficial, the vocational expert testified that the individual could still perform any of the sedentary or light exertion positions identified in the first two hypotheticals. Dkt. #8, pp.63-64. If the individual was unable to concentrate and was off task for 25% of the work day, the vocational expert testified that he would not be able to perform any substantial gainful employment. Dkt. #8, pp.64-65.

The ALJ rendered a decision that plaintiff was not disabled on September 9, 2016. Dkt. #8, pp.21-34. The Appeals Council denied review on November 1, 2017. Dkt. #8, p.4. Plaintiff commenced this action seeking review of the Commissioner's final decision on November 29, 2017. Dkt. #1.

## DISCUSSION AND ANALYSIS

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in

the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 496, 501 (2d Cir. 2009). If the evidence is susceptible to more than one rational interpretation, the Commissioner's determination must be upheld. *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). "Where an administrative decision rests on adequate findings sustained by evidence having rational probative force, the court should not substitute its judgment for that of the Commissioner." *Yancey v. Apfel*, 145 F.3d 106, 111 (2d Cir. 1998).

To be disabled under the Social Security Act ("Act"), a claimant must establish an inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 20 C.F.R. § 404.1505(a). The Commissioner must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 404.1520(a). At step one, the claimant must demonstrate that he is not engaging in substantial gainful activity. 20 C.F.R. § 404.1520(b). At step two, the claimant must demonstrate that he has a severe impairment or combination of impairments that limits the claimant's ability to perform physical or mental work-related activities. 20 C.F.R. § 404.1520(c). If the impairment meets or medically equals the criteria of a disabling impairment as set forth in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and satisfies the durational requirement, the claimant is entitled to

disability benefits. 20 C.F.R. § 404.1520(d). If the impairment does not meet the criteria of a disabling impairment, the Commissioner considers whether the claimant has sufficient residual functional capacity ("RFC"), for the claimant to return to past relevant work. 20 C.F.R. § 404.1520(e)-(f). If the claimant is unable to return to past relevant work, the burden of proof shifts to the Commissioner to demonstrate that the claimant could perform other jobs which exist in significant numbers in the national economy, based on claimant's age, education and work experience. 20 C.F.R. § 404.1520(g).

In the instant case, the ALJ made the following findings with regard to the five-step sequential evaluation: (1) plaintiff had not engaged in substantial gainful activity since March 31, 2013; (2) plaintiff's lumbago, arthritis, anxiety and depression constitute severe impairments; (3) plaintiff's impairments did not meet or equal any listed impairment; (4) plaintiff retained the RFC to perform light work with the following limitations: sit and stand or walk for up to 6 hours in an 8-hour workday; frequent overhead reaching bilaterally; occasional stooping, kneeling, crouching and interaction with the public and coworkers; no crawling or climbing of ladders, ropes or scaffolds; exposure to no more than loud noise and no exposure to bright or flashing lights, excessive vibration or hazards such as unprotected heights or moving machinery; simple, routine tasks, including repetitive tasks, that can be learned after a short demonstration or within 30 days; and no travel to unfamiliar places; and (5) plaintiff was unable to perform his past relevant semi-skilled work as a security guard and home health aide, but retained the functional capacity to work in unskilled, light exertion level positions such as electric equipment assembler, mail clerk or office helper and was not, therefore, disabled within the meaning of the SSA. Dkt. #8, pp.26-33.

Plaintiff argues that he was denied a full and fair hearing because the ALJ failed to advise him of his right to question the vocational expert and such failure was prejudicial because the ALJ's hypothetical questions to the vocational expert did not fully incorporate all of plaintiff's limitations. Dkt. #9-1, p.14. For example, the ALJ's hypothetical question supposed that plaintiff could stand or walk for up to 6 hours in an 8-hour day, even though plaintiff testified that he was unable to stand for prolonged periods because of the pain in his back and knees. Dkt. #9-1, pp.12-14. Plaintiff further argues that the ALJ failed to properly assess the consultative examiner's opinion, which imposed greater restrictions upon plaintiff's ability to reach overhead than the ALJ's RFC. Dkt. #9-1, pp.15-18. Specifically, plaintiff argues that the ALJ's limitation to frequent overhead reaching is less restrictive than the consulting examiner's opinion that plaintiff had a mild to moderate limitation for overhead reaching. Dkt. #9-1, p.17. Plaintiff argues that each of the positions identified by the vocational expert require frequent reaching. Dkt. #9-1, p.18.

The Commissioner responds that the ALJ's pre-hearing notice (Dkt. #8, p.116), apprised plaintiff of his right to question witnesses at the hearing. Dkt. #12-1, pp.7-8. In any event, the Commissioner argues the questions posed to the vocational expert did not prejudice because the RFC was supported by substantial evidence and the ALJ posed a hypothetical question which accurately reflected the limitations set forth in the RFC. Dkt. #12-1, pp.8-9. The Commissioner further responds that the ALJ properly evaluated the consultative examiner's opinion that plaintiff had a mild to moderate limitation for overhead reaching when he limited plaintiff to frequent overhead reaching. Dkt. #12-1, p.14.

In light of the essentially non-adversarial nature of a social security proceeding, it is well accepted that an ALJ has an affirmative duty to develop the administrative record. *See, e.g., Moran v. Astrue,* 569 F.3d 108, 112 (2d Cir. 2009). This duty is heightened where a claimant properly waives his right to counsel and proceeds *pro se*. *Id.* at 113. More specifically, the ALJ has a duty to adequately protect a *pro se* claimant's rights by ensuring that all of the relevant facts are sufficiently developed and considered. *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990).

20 C.F.R. § 416.1429 provides that during the course of a hearing before an ALJ, a claimant may, *inter alia*, "examine the evidence used in making the determination or decision under review and present and question witnesses." Courts within the Second Circuit have consistently referred to this provision as affording a claimant the right to cross examine witnesses such as a vocational expert. *Kuppenbacker v. Berryhill,* No. 6:17-cv-6068, 2017 WL 6275727, at *4 (W.D.N.Y. Dec. 11, 2017); *Alvarez v Brown*, 704 F. Supp. 49, 53 (S.D.N.Y. 1989).

Where the ALJ has "fulfilled his obligation of vigorously exploring for all the relevant facts, including properly questioning witnesses upon whose testimony he relied," plaintiff is not "prejudiced by the lack of counsel and his ignorance of his right to call and cross-examine witnesses." *Alvarez*, 704 F. Supp. at 54. If, on the other hand, "a claimant proceeds *pro se* and the ALJ fails to adequately develop the record or accurately depict the claimant's limitations, courts in this Circuit have found that the failure to remind the claimant of [his] right to question witnesses constitutes reversible

error." *Kuppenbacker*, 2017 WL 6275727 at *3; *See Vernon v. Colvin*, 15-CV-6387, 2016 WL 5661971, at *5 (W.D.N.Y. Oct. 3, 2016)(remanding where ALJ credited diagnosis of mental impairments, but failed to include such impairments in hypothetical question to vocational expert). The hypothetical questions posed to the vocational expert must include all of the claimant's limitations that are supported by the medical evidence in the record in order for the opinion of the vocational expert to constitute substantial evidence . *Potter v. Colvin,* 15-CV-6337, 2016 WL 5468108, at * 4 (W.D.N.Y. Sept. 29, 2016); *Gucinski v. Colvin*, No. 12-CV-276, 2014 WL 4659298, at *9 (W.D.N.Y. Sept. 17, 2014).

In the instant case, plaintiff advised the consulting medical examiner that he had a history of arthritis and complained of whole body joint pain, especially the neck, back and knees. Dkt. #8, p.252. Upon examination, plaintiff walked slowly and was unable to perform heel or toe walking or squat more than 10% because of low back and knee pain. Dkt. #8, p.253. The consulting medical examiner observed limited flexion/extension of the lumbar spine and positive straight leg bilaterally when performed in both the supine and sitting position. Dkt. #8, p.254. He diagnosed arthritis and opined that plaintiff had mild to moderate limitation for prolonged walking. Dkt. #8, p.254-255. Subsequent x-rays of plaintiff's lumbrosacral spine and left knee were negative (Dkt. #8, pp.256-257), and plaintiff's medical records do not suggest that plaintiff's limitations are more severe than observed by the consulting medical examiner: plaintiff presented to ECMC's emergency department on March 6, 2013 with complaints of low back pain radiating down his right leg and received a diagnosis of lumbar strain (Dkt. #8, p.237), returned to ECMC's emergency department on March

13, 2013 with continued back pain and received a diagnosis of back pain with sciatica (Dkt. #8, p.241), presented with bilateral knee clicking upon examination on June 10, 2014 (Dkt. #8, pp.305-306), was observed to have normal knees on bilateral knee x-rays taken on September 10, 2015 (Dkt. #8, p.308), and upon examination on May 17, 2016 for complaints of bilateral knee pain and back pain, it was noted that plaintiff's lab work to screen for arthritis was unremarkable and that no abnormalities were seen on imaging of his knees. Dkt. #8, p.293. Furthermore, plaintiff reported that he was able to care for his personal needs, prepare his own meals, clean, wash laundry, drive, use public transportation, shop for groceries and household needs, go outside every day, and socialize with friends and family every day. Dkt. #8, pp.171-174, 249 & 252. Considering the administrative record as a whole, the ALJ's determination that plaintiff could stand for up to 6 hours in an 8-hour workday is supported by substantial evidence. *See Harrington v. Colvin*, 14-CV-6044, 2015 WL 790756, at *13-15 (W.D.N.Y. Feb. 25, 2015) (collecting cases where medical opinion imposing a moderate limitation for standing supported an RFC determination that a plaintiff could perform light work). As the ALJ's question to the vocational expert was supported by substantial evidence, there was no prejudice from the ALJ's failure to advise the plaintiff of his right to question the vocational expert at the administrative hearing.

The consulting medical examiner's medical source statement also opined that plaintiff had a mild to moderate limitation for overhead reaching. Dkt. #8, p.255. The ALJ determined that plaintiff was limited to frequent overhead reaching bilaterally. Dkt. #8, p.29. Contrary to plaintiff's argument, "a moderate limitation is not inconsistent

with a finding that an individual can engage in frequent, but not constant activity." *Jennifer Lee W. v. Berryhill*, 5:18-CV-64, 2019 WL 1243759, at *5 (N.D.N.Y. March 18, 2019). In the instant case, the Court does not find the ALJ's RFC inconsistent with the consulting medical examiner's opinion or the examination upon which that opinion is based. Upon examination by the consulting medical examiner, plaintiff was observed to have 145 degree shoulder forward elevation and abduction, 25 degree adduction, bilaterally, 35 degree internal rotation, bilaterally, and 85 degree external rotation, bilaterally. Dkt. #8, p.254. His cervical spine demonstrated full flexion, extension and lateral flexion, bilaterally, and full rotary movement, bilaterally. Dkt. #8, p.254. In light of such mild findings upon examination by the consulting examiner and the general absence of evidence in the administrative record suggesting any such limitation from treating sources or plaintiff himself, the Court finds that the ALJ's determination that plaintiff was limited to frequent overhead reaching bilaterally is supported by substantial evidence. *See Matta v. Astrue*, 508 Fed. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole.").

## CONCLUSION

Based on the foregoing, plaintiff's motion for judgment on the pleadings (Dkt. #9), is denied and the Commissioner's motion for judgment on the pleadings (Dkt. #12), is granted.

The Clerk of the Court is directed to close this case.


**SO ORDERED.**


**DATED:** **Buffalo, New York**
**June 28, 2019**

<pre>                                              <u> s/ H. Kenneth Schroeder, Jr.   </u>
                                              **H. KENNETH SCHROEDER, JR.**
                                              **United States Magistrate Judge**</pre>